## Commonwealth v. Stahl

*Joseph V. Huber,* for Commonwealth.
*David Dunn,* for defendant.

GRIFO, J., March 31, 1975.—This matter involves an appeal from a summary conviction dated December 9, 1974. Defendant was charged on October 23, 1974, with violation of the Air Pollution Control Act of January 8, 1960, P. L. 2119, as amended, 35 PS §4000, et seq., by the Pennsylvania Department of Environmental Resources. Following the conviction, defendant appealed to the Common Pleas Court of Lehigh County, Judge Richard D. Grifo, of the Common Pleas Court of Northampton County, specially presiding. A hearing was held on March 18, 1975, at which time defendant moved to allow the appeal and dismiss the complaint on the grounds that an individual county commissioner should not be held criminally liable for alleged air pollution emanating from a county wastewater pretreatment plant.

The crux of defendant's argument is that he, as an individual county commissioner, is not criminally liable for alleged air pollution at the Lehigh County wastewater pretreatment plant, since the Air Pollution Control Act, 35 PS §4009(a), specifically provides that a political subdivision (in this case, Lehigh County) is subject to the penal provisions of the act. We agree with this contention and, accordingly, must allow the appeal and dismiss the complaint.

While the Commonwealth has cited a plethora of cases for the proposition that public officials can be criminally responsible, the fact is that the legislature has specifically stated in the Air Pollution Control Act that political subdivisions and not individual county commissioners are liable. The only duty owed by defendant is his duty as a county commissioner, that is as a representative of the county, and he owes no duty as an individual to abate the odors emanating from the wastewater pretreatment plant. See Commonwealth, to the use of Sabocheck v. The New

Amsterdam Casualty Co., 32 D. & C. 2d 753, 758 (Washington County, 1963).

Wherefore, the court enters the following

### ORDER OF COURT

And now, March 31, 1975, defendant's motion to allow the appeal and dismiss the complaint is granted, and the clerk of courts, criminal division, is directed to return the fine and costs.